(693 P.2d 481)
No. 56,597

In the Interest of CARRIE FRANCINE WICKS, a Minor Child.

Opinion filed January 17, 1985.

*H. Reed Walker*, of Barnett & Lerner, Chartered, of Kansas City, for appellant, the natural mother.

*Robert C. Londerholm*, of Hackler, Londerholm, Corder, Martin & Hackler, Chartered, of Olathe, for appellee, the natural father.

*David R. McLain*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, for appellee State of Kansas.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: This is a child custody proceeding under the Kansas Code for Care of Children. The trial court transferred the proceeding from Kansas to Texas based upon a finding that Kansas is an inconvenient forum (K.S.A. 38-1307[e]). The natural mother appeals.

Carrie Wicks was born July 20, 1975, to Glenda and Roland

Wicks. On August 18, 1977, Glenda and Roland were divorced in Wyandotte County, Kansas. Glenda was awarded custody of Carrie pursuant to the divorce decree. Following the divorce, Roland moved to Arizona and was later transferred to Texas as a member of the military services. Glenda and Carrie remained in Kansas City.

In 1981, a deprived child petition was filed pursuant to K.S.A. 38-802(g) in Wyandotte County, Kansas, alleging Carrie to be abused and without proper care, custody and support. The court adjudicated Carrie a deprived child, made her a ward of the court, and committed her to the custody of her father. Glenda was granted supervised visitation. Following a review hearing on July 22, 1982, Roland retained legal and physical custody of Carrie.

The State and the father filed motions to transfer the case from Kansas to Texas on June 24, 1983, and July 11, 1983, respectively. Glenda subsequently applied for a full review hearing for custody of Carrie. Nevertheless, the court sustained the transfer motions.

The natural mother raises three issues on appeal: (1) whether the district court had authority to transfer the custody proceeding to Texas, (2) whether the transfer was in the child's best interest, and (3) whether the transfer was a denial of due process and equal protection under the Fourteenth Amendment to the United States Constitution and Kansas Constitution Bill of Rights, § 18.

Appellant questions the court's authority to transfer a deprived child (now, "child in need of care") proceeding interstate under the inconvenient forum section of the Uniform Child Custody Jurisdiction Act (UCCJA), K.S.A. 38-1307. The statutory language employed in the UCCJA and the Kansas Code for Care of Children, K.S.A. 1983 Supp. 38-1501 *et seq.* (CCC) makes it clear that the legislature intended the UCCJA to apply to CCC proceedings. The determination of jurisdiction under the CCC is expressly made subject to the UCCJA. K.S.A. 1983 Supp. 38-1503(b). Likewise, the definitional section of the UCCJA defines a custody proceeding to include proceedings brought under the CCC where custody determination is an issue. K.S.A. 1983 Supp. 38-1302(c).

In matters of child custody, avoiding interstate jurisdictional

conflicts and promoting the child's best interests are among the stated purposes of the UCCJA. K.S.A. 38-1301(a). The UCCJA provides a uniform jurisdictional analysis for all proceedings pertaining to child custody. The CCC and other child custody proceedings do not address interstate jurisdictional problems. We hold that when child custody is an issue in a continuing case under the CCC, the UCCJA as adopted in Kansas applies.

K.S.A. 38-1307, the inconvenient forum provision of the UCCJA, is a discretionary mechanism to ensure that a custody determination is made by only one state if the jurisdictional tests of K.S.A. 1983 Supp. 38-1303 produce concurrent jurisdiction in more than one state. 9 U.L.A. 123, Child Custody Jurisdiction § 3, Commissioners' Note (1979). K.S.A. 38-1307 authorizes a court to decline jurisdiction if it finds that it is an inconvenient forum, as follows:

"(e) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commended in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate such party's consent and submission to the jurisdiction of the other forum."

The district court has complied with this procedure.

Thus, while Kansas has jurisdiction, it is *discretionary* with the trial court whether it should exercise or decline jurisdiction under the inconvenient forum provision of K.S.A. 38-1307. The prime consideration in determining if a court of this state is an inconvenient forum is the best interest of the child. *Larsen v. Larsen*, 5 Kan. App. 2d 284, Syl. ¶ 4, 289-90, 615 P.2d 806, *rev. denied* 228 Kan. 807 (1980); K.S.A. 38-1307(c). The following factors under K.S.A. 38-1307(c) are taken into account:

"(1) If another state is or recently was the child's home state;
"(2) if another state has a closer connection with the child and the child's family or with the child and one or more of the contestants;
"(3) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state:
"(4) if the parties have agreed on another forum which is no less appropriate; and
"(5) if the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in K.S.A. 38-1301."

The above factors favor Texas as the more appropriate forum.

Since the filing of the deprived child petition, Texas has become Carrie's home state where she lives with her father. Thus, Texas has a closer connection with Carrie and her father, although Carrie was born in Kansas and spent some early childhood years here. Carrie has been receiving treatment and counseling from psychologists in Texas. She attends school in Texas. She has not lived in Kansas since the summer of 1981. The mother and father have not agreed to a forum. Finally, the exercise of jurisdiction by a Kansas court would contravene the purpose of promoting the child's best interests.

Under our standard of appellate review, appellant has not shown that the district court abused its discretion in declining jurisdiction. When a trial court exercises a discretionary function, that determination will be upheld on appeal absent abuse in the exercise of that power of discretion. *Bills v. Murdock*, 232 Kan. 237, 250, 654 P.2d 406 (1982).

Appellant's last issue raises the constitutionality of the transfer of the custody proceeding. We acknowledge that a parent's right of custody and control of his children is a liberty interest protected by the due process clause of the Fourteenth Amendment. *In re Cooper*, 230 Kan. 57, 64, 631 P.2d 632 (1981); *In re Brehm*, 3 Kan. App. 2d 325, 326, 594 P.2d 269 (1979). However, the record does not reflect that appellant raised the constitutionality of the transfer during oral argument of the transfer motion. Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *In re Zappa*, 6 Kan. App. 2d 633, 636, 631 P.2d 1245 (1981).

In any event, due process mandates that the mother be given notice and an opportunity to be heard. *Beebe v. Chavez*, 226 Kan. 591, 599, 602 P.2d 1279 (1979). The mother was given the full opportunity to contest the transfer motions, which she, in fact, took full advantage of. The mother, in essence, complains of the court's decision granting the transfer. However, contrary to her assertion that she has been deprived of a review hearing, the hearing will take place. The location of the hearing has been changed from Kansas to Texas. This does not constitute denial of an opportunity to be heard. The mother's own subsequent conduct will determine if she presents evidence and is heard on the issue of custody.

The mother also suggests that the transfer imposes a financial

hardship on her by requiring her to travel to Texas to present her case for custody. The financial burden of litigating in Texas does not constitute a denial of due process. Although the parties' convenience and relative hardship in appearing in a nonlocal forum may be pertinent considerations in declining jurisdiction under the inconvenient forum provision, the predominant consideration in child custody disputes is the best interest of the child. *Burnworth v. Hughes*, 234 Kan. 69, 74, 670 P.2d 917 (1983). Secondly, the UCCJA provides that one party's travel expense and other costs be paid by the other party in certain circumstances. K.S.A. 38-1307(g). Due process is not lacking merely because a particular procedure imposes a hardship on a party. *Ownbey v. Morgan*, 256 U.S. 94, 65 L.Ed. 837, 41 S.Ct. 433 (1921).

The mother also complains she has been denied equal protection. She has not demonstrated that she has been treated any differently than other parents involved in custody disputes. Nor has she shown that the inconvenient forum provision of the UCCJA was applied in an arbitrary or capricious manner. *Wesley Medical Center v. McCain*, 226 Kan. 263, 266, 597 P.2d 1088 (1979). The statute bears a rational relationship to the State's interest both in preventing jurisdictional competition in matters of child custody and in protecting the child's best interest.

Affirmed.