MARK W. VAN NORMAN, APPELLANT, V. CHERRI R. UPPERMAN, APPELLEE.

436 N.W.2d 834

Filed March 17, 1989.   No. 88-603.

John H. Sohl for appellant.

Ronald L. Gilbride for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The petitioner, Mark W. Van Norman, appeals from the order of the district court sustaining the motion of the respondent, Cherri R. Upperman, to dismiss his amended petition under the Nebraska Child Custody Jurisdiction Act, Neb. Rev. Stat. §§ 43-1201 to 43-1225 (Reissues 1984 & 1988), on the ground that Nebraska is an inconvenient forum.

The petitioner, who is 26 years of age, and the respondent, who is 36 years of age, have never been married. In 1982, they commenced living together in Costa Mesa, California. As a result of their cohabitation, they have two children who were born in California. One boy was born June 3, 1983, and the second boy was born May 30, 1984. From birth until August of 1985, both children resided in Costa Mesa, California, and from August 1985 until August 1987, they resided in Malmo, Nebraska, with the petitioner and the respondent.

On August 29, 1987, the respondent left Nebraska with the children because she feared that her life, as well as the welfare of her children, was in danger. According to the respondent, her fear arose because of an incident in which the petitioner had stated that he wanted their relationship to end and threatened to kill her if she left the family home with the children. When the respondent left Malmo, Nebraska, she moved with the children to Orange County, California, and resided there until October

4, 1987. Since October 5, 1987, the respondent has lived with the children in Yates Center, Kansas, where several maternal relatives of the respondent also reside. A third child, a girl, was born in Iola, Kansas, after the respondent had moved to Kansas.

Although the petitioner did not amend his amended petition to request custody of the third child, he testified that he was requesting custody of all three children.

The petitioner's amended petition requesting determination of custody pursuant to the Nebraska Child Custody Jurisdiction Act was filed January 19, 1988.

The petition alleges that on August 28, 1987, the respondent absconded with the minor children and because the respondent is unfit, the petitioner should be vested with the custody and control of the children. The prayer requests that temporary custody be granted to the petitioner; that upon a final hearing, permanent care, custody, and control of the children be granted to the petitioner; and that a determination of child support be made.

The petitioner contends that the trial court erred in sustaining the respondent's motion to dismiss and that the motion to dismiss was an improper pleading. Section 43-1207(2) and (5) (Reissue 1988) provides that "[a] finding of inconvenient forum may be made upon the court's own motion or *upon motion of a party* or a guardian ad litem or other representative of the child" and "[i]f the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, *it may dismiss the proceedings,* or it may stay the proceedings . . . ." (Emphasis supplied.) The respondent's motion to dismiss, as a response to the petition for custody, was a proper pleading and was properly considered by the trial court.

With respect to the order sustaining the motion to dismiss, § 43-1207(1) provides:

A court which has jurisdiction under sections 43-1201 to 43-1225 to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the

case and that a court of another state is a more appropriate forum.

In determining whether the court should entertain a child custody proceeding having interstate implications, the court should first determine whether it has jurisdiction and then determine whether it is appropriate to exercise jurisdiction. *Dennis v. Dennis*, 387 N.W.2d 234 (N.D. 1986).

Since the petition for custody was filed on or before January 19, 1988, and Nebraska had been the "home state" of the boys, the trial court had jurisdiction at least as to them. §§ 43-1202 and 43-1203 (Reissue 1988). Since the third child has never lived in Nebraska, the trial court had no jurisdiction as to that child.

The review of the judgment of the trial court is de novo. *In re Marriage of Bolson*, 394 N.W.2d 361 (Iowa 1986); *In re Marriage of Olive*, 340 N.W.2d 792 (Iowa App. 1983); *O'Neal v. O'Neal*, 329 N.W.2d 666 (Iowa 1983). The judgment of the trial court will be upheld absent an abuse of discretion. *Dennis v. Dennis, supra*; *Lustig v Lustig*, 99 Mich. App. 716, 299 N.W.2d 375 (1980). As the court in the *Lustig* case said:

> " 'Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' "

*Id*. at 726, 299 N.W.2d at 380.

In reviewing the factors set forth in § 43-1207,

> [a] paramount consideration in the balancing of these various factors is a determination of what court is most able to act in the best interests of the children. [Citation omitted.] A court should exercise jurisdiction over a child-custody proceeding only when it is in the child's best interest to do so.

*Dennis v. Dennis, supra* at 236. See, also, *In re Wicks*, 10 Kan. App. 2d 124, 693 P.2d 481 (1985).

Although Kansas was not the boys' home state when the petition was filed, the contacts that the children currently have with Kansas weigh in favor of this action's being litigated in Kansas. The youngest child has never lived in Nebraska, but has lived her entire life in Kansas. In addition, this child is receiving physical therapy in Kansas because of shortened muscles in her neck and has no contacts whatsoever with Nebraska. Both boys are currently taking speech therapy in Kansas and are undergoing some other form of counseling in Kansas. The respondent testified that she has several aunts, uncles, and cousins residing in Yates Center, Kansas; that she is receiving welfare in Kansas; and that she has to travel 480 miles one way to appear in Nebraska courts. Because of her unemployment, limited income, and the schedules of the children, coming to Nebraska for court appearances would be an extreme hardship for her. Similar factors were considered in *Bem v. Bem*, 316 Pa. Super. 390, 463 A.2d 16 (1983); *Farrell v Farrell*, 133 Mich. App. 502, 351 N.W.2d 219 (1984); *Fernandez v. Rodriguez*, 97 Misc. 2d 353, 411 N.Y.S.2d 134 (1978).

The boys have now been away from Nebraska for about 18 months. All of the contacts they had with Nebraska relate to the past and are therefore not as pertinent to the issues of care, protection, and training as are their present contacts with Kansas. The relevant facts about the children's present condition and care and the present facts about the qualifications of the respondent are to be found in Kansas. The "maximum contacts" lie in the State of Kansas. See *Mace v. Mace*, 215 Neb. 640, 341 N.W.2d 307 (1983).

There is another circumstance that must be considered. It is quite apparent from the record that litigation in Nebraska would not end the controversy between the parties. If the petitioner were successful in Nebraska, he would have to go to Kansas to enforce whatever judgment he obtained. Upon consideration of all of the facts and circumstances, we find that the judgment of the trial court should be affirmed.

AFFIRMED.