1997 SD 24

**Karl A. LUSTIG, Plaintiff and Appellant,**

v.

**Susan LUSTIG, Defendant and Appellee.**

No. 19655.

Supreme Court of South Dakota.

Considered on Briefs on Dec. 5, 1996.

Decided March 5, 1997.

Linda Lea M. Viken of Viken, Viken, Pechota, Leach & Dewell, Rapid City, for plaintiff and appellant.

Lester Nies of Richards, Hood & Nies, Spearfish, for defendant and appellee.

KONENKAMP, Justice.

■ [¶ 1] Under the Uniform Child Custody Jurisdiction Act (UCCJA), if a court finds it is an inconvenient forum for a custody determination, it may decline jurisdiction when another state provides a more appropriate forum. In this case, the circuit court found Minnesota the suitable forum not only for custody, but also for the entire divorce. May South Dakota courts dismiss a valid divorce action if another state provides a more appropriate forum? We hold they cannot, and reverse the dismissal of the divorce, but affirm the order declining custody jurisdiction.

## Background

[¶ 2] Karl and Susan Lustig married in Watertown on August 18, 1968, and raised five children. Karl is a physician and Susan, though not presently employed, is an occupational therapist. They lived in Minnesota from 1983 to 1992 and then moved to Lawrence County, South Dakota. The Lustigs kept a high-priced lake shore home in Beltrami County, Minnesota, but they also acquired substantial property in Lawrence County. In September 1995, Susan and the two youngest children, Amy and David, moved back to Beltrami County. On February 20, 1996, Karl commenced divorce proceedings in Lawrence County. By then, Amy was age 15 and David had turned 18. After making written demand as required by SDCL 15–5–10, Susan sought a change of venue to her county of residence based upon SDCL 15–5–11 and SDCL 26–5A–7. In March, she filed for marital dissolution in Minnesota and had Karl personally served. Karl moved to dismiss the Minnesota action asserting lack of jurisdiction, but his motion was denied.

[¶ 3] In circuit court, Susan asserted it would be more difficult for her and the witnesses to attend trial in Lawrence County than it would be for Karl to appear in Minnesota. The minor child lived there, and Susan had at least twelve local witnesses who would testify on custody issues. Beltrami and Lawrence counties are over 650 miles apart.

[¶ 4] While concluding it had subject matter and personal jurisdiction over the parties, the circuit court ruled Susan was entitled to a change of venue to her county of residence.[1] Declining jurisdiction, the circuit court dismissed the entire divorce action and deferred to the Beltrami County court, noting:

> By telephone conferences of May 1 and 2, 1996, the Honorable Paul E. Rasmussen, Judge of the District Court in and for Beltrami County, Minnesota, has agreed that his Court is the more appropriate forum for this litigation and has indicated a willingness to hear and determine the issues. This Court takes judicial notice of the FINDINGS OF FACT and ORDER of the District Court, dated May 2, 1996, denying Plaintiff's [Karl's] Motion to Dismiss the Minnesota divorce action for lack of jurisdiction (File NO. # F8–96–341).

Karl appeals, alleging the court had no authority to change venue to Minnesota under SDCL 25–4–30.1, transfer jurisdiction there pursuant to SDCL 15–5–11(3), or dismiss the whole divorce action in South Dakota as an inconvenient forum pursuant to SDCL 26–5A–7.

## Standard of Review

■ [¶ 5] We review questions of fact under a clearly erroneous standard. *Therkildsen v. Fisher Bev.,* 1996 SD 39, ¶ 8, 545 N.W.2d 834, 836; *Lindquist v. Bisch,* 1996 SD 4, ¶ 16, 542 N.W.2d 138, 141. Questions of law, including statutory construction, we review de novo. *West Two Rivers Ranch v. Pennington County,* 1996 SD 70, ¶ 6, 549 N.W.2d 683, 685. As the questions here are primarily matters of statutory interpretation, we review them under the de novo standard. *Wharf Resources v. Farrier,* 1996 SD 110, ¶ 5, 552 N.W.2d 610, 612. A court's failure to consider the factors relevant to the principle of inconvenient forum under the UCCJA is an abuse of discretion. 1 Homer H. Clark, Jr. *The Law of Domestic Relations in the United States* § 13.5, at 795 (2d ed 1987)(citing cases); *see Winkelman v. Moses,* 279 N.W.2d 897 (S.D.1979).

---

1. . Susan never challenged the circuit court's jurisdiction.

## Analysis

### A. *Child Custody Jurisdiction—Inconvenient Forum*

■ [¶ 6] The UCCJA attempts to grant stability to custody litigation, discouraging "jurisdictional competition" and promoting communication between courts toward the goal of resolving disputes in the best interests of children. *In re M.C.S.*, 504 N.W.2d 322, 329 n * (S.D.1993)(Sabers, J., concurring). Before a court may decide custody, it must possess jurisdiction. SDCL 25–4–45 (child custody jurisdiction granted in divorce actions). Courts must also adhere to the jurisdictional requirements of the UCCJA and the prohibitions of the Parental Kidnapping Prevention Act (PKPA).[2] Under the UCCJA, a state court has jurisdiction to make a child custody determination by initial decree if it:

1) ... is the home state of the child ...; or

2) ... is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships....

**2.** . Neither side raises the applicability of the PKPA, 28 USCA § 1738A. *See* 28 USCA § 1738A(g). *See generally*, Roger M. Baron, *Federal Preemption in the Resolution of Child Custody Jurisdiction Disputes*, 45 ArkLRev 885 (1993); David Carl Minneman, Annotation, *Pending Proceeding in Another State as Ground for Declining Jurisdiction Under §6(a) of the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA), 28 USCS §1738A(g)*, 20 ALR5th 700 (1994).

The title of the act is misleading and unfortunate, as it was by no means limited to criminal matters relating to kidnapping. Rather, one of the principle purposes of the PKPA was to protect the right of a decree issuing state to exercise exclusive continuing jurisdiction over its child custody orders in certain cases, and to channel custody litigation into the court having continuing jurisdiction by requiring states to give full faith and credit to the custody decrees of states retaining jurisdiction and preventing the issuance of competing decrees. (Citations omitted).

SDCL 26–5A–3. The philosophical underpinning for subsection (2) is vital:

[I]ts purpose is to limit jurisdiction rather than proliferate it. The first clause of the paragraph is important: jurisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and the family. There must be maximum rather than minimum contact with the state.

Comment on Section 3, Jurisdiction, National Conference of Commissioner on Uniform State Laws.

■ [¶·7] The circuit court found that South Dakota was the "home state" of the minor child. SDCL 26–5A–2(5). Custody jurisdiction could be exercised here, as Amy had lived with her parents in Lawrence County "within six months before commencement of the proceeding," was "absent from this state because of" her "removal or retention by a person claiming" her custody, and her father "continues to live in this state...." SDCL 26–5A–3(1). *Ryan v. Ryan*, 301 N.W.2d 675 (S.D.1981)(authorizing South Dakota "home state" exercise of initial jurisdiction). Nonetheless, a court may decline jurisdiction:

*Barndt v. Barndt*, 397 Pa.Super. 321, 580 A.2d 320, 325 (1990). The Act "forbids a state to exercise jurisdiction in a case already pending in another state where the court of the other state is exercising jurisdiction consistently with the provisions of the PKPA." 1 Homer H. Clark, Jr., *The Law of Domestic Relations in the United States* § 13.5, at 806 (2d ed 1987). Here the circuit court entered its order of dismissal the same day the district court in Minnesota denied Karl's motion to dismiss for lack of jurisdiction. Karl's divorce complaint in circuit court does not strictly seek custody, but only requests "custody of the minor children be as the court sees fit in the best interest of the minor children." In any event, a "declination of jurisdiction is of course authorized by the PKPA...." Roger M. Baron, *Child Custody Jurisdiction*, 38 SDLRev 479, 492 (1993); 28 USCA § 1738A(f)(2). *See also*, Danny R. Veilleux, Annotation, *What Types of Proceedings or Determinations are Governed by the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA)*, 78 A.L.R.4th 1028 (1990).

A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

*   *   *   *   *   *

In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, including:

1) If another state is or recently was the child's home state;

2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

4) If the parties have agreed on another forum which is no less appropriate.

SDCL 26–5A–7. Under this section, declining jurisdiction is discretionary. *Johnson v. Johnson*, 477 N.W.2d 603, 606 (S.D.1991); *Breneman v. Breneman*, 92 Mich.App. 336, 284 N.W.2d 804 (1979); *Dennis v. Dennis*, 387 N.W.2d 234 (N.D.1986). *See also Winkelman*, 279 N.W.2d at 903 (Henderson, J., dissenting). Jurisdiction may be declined if a court finds: (1) "that it is an inconvenient forum to make a custody determination," and (2) "that a court of another state is a more appropriate forum" because child and family have "the closest connection [there] and where significant evidence concerning the child's care, protection, training and personal relationships is most readily available." *Zappitello v. Moses*, 458 N.W.2d 784, 786 (S.D.1990). *See also In re M.C.S., supra; Ryan, supra; Johnson*, 477 N.W.2d at 606; *see generally,* David Carl Minneman, Annotation, *Inconvenience of Forum as Ground for Declining Jurisdiction Under § 7 of the Uniform Child Custody Jurisdiction Act (UCCJA)*, 21 ALR5th 396 (1994). "The dominant purpose of the inconvenient forum provision is to encourage restraint in the exercise of jurisdiction." Clark, *The Law of Domestic Relations in the United States* § 13.5, at 472.

■ [¶ 8] Given the child's current residence in Minnesota, the number of witnesses available there, the Lustigs' ten-year history in the locale, and the child's enrollment in Beltrami County school and other activities, the circuit court found South Dakota would be an inconvenient forum for a child custody determination. In concluding that Minnesota was the more appropriate forum, the court took into account the Minnesota court's findings on jurisdiction. *Cf. Van Norman v. Upperman*, 231 Neb. 524, 436 N.W.2d 834 (1989)(Nebraska home state for two of three children, but Kansas more convenient forum); *Merman v. Merman*, 412 Pa.Super. 247, 603 A.2d 201 (1992). To serve the child's well-being, the UCCJA encourages custody to be decided where the best evidence regarding the child exists and in the jurisdiction where the child has the closest connections. *In re M.C.S.*, 504 N.W.2d at 324. We see no abuse of discretion in deferring the child custody issue to the Minnesota court.

**B. Divorce    Jurisdiction—Inconvenient Forum and Venue**

■ [¶ 9] If child custody jurisdiction was appropriately deferred, did the circuit court properly dismiss the Lawrence County divorce in favor of the later action started in Minnesota? Both SDCL 15–5–11(3) and 25–4–30.1 formed the basis for the circuit judge's ruling, essentially allowing the marital dissolution to proceed in Beltrami County. "An action for divorce or separate maintenance may be commenced in the county of residence of either party, subject to the right of the defendant to have the place of trial changed to the county where the defendant resides." SDCL 25–4–30.1. The court interpreted this statute to allow it the latitude to change the place of trial to a defendant's county, even if that county is out-of-state. Further, the judge relied on SDCL 15–5–11(3): "The court may change the place of trial in the following cases: ... When the convenience of witnesses, and the ends of justice would be promoted by the change."

[¶ 10] Neither SDCL 15–5–11(3) nor 25–4–30.1 allows our courts to transfer or defer divorce jurisdiction to an out-of-state court. SDCL 15–5–11(3) permits a transfer within the state, from county to county. *See* SDCL 15–5–6. *See, e.g., American Advertising Co. v. State*, 280 N.W.2d 93 (S.D.1979); *Putnam Ranches v. O'Neill Production Credit*, 271 N.W.2d 856, 858 (S.D.1978) ("As against a nonresident defendant, venue is proper in any county that plaintiff designates in the complaint."). An intrastate transfer is all that both SDCL 15–5–11(3) and 25–4–30.1 contemplate.

[¶ 11] Some jurisdictions by statute specifically provide that the doctrine of *forum non conveniens* permits courts to transfer any action, divorce or otherwise, to a court beyond state boundaries. Illinois law, for example, affords specific dismissal procedures to indulge filing the same action in a foreign jurisdiction.[3] Wisconsin law provides similarly, "If a court of this state, on motion of any party, finds that trial of an action pending before it should as a matter of substantial justice be tried in a forum outside this state, the court may ... enter an order to stay further proceedings on the action in this state...." WisStatAnn § 801.63(1) (West 1994). *See* E.L. Strobin, Annotation, *Doctrine of Forum Non Conveniens: Assumption or Denial of Jurisdiction of Action Involving Matrimonial Disputes*, 9 ALR3d 545 (1966 & 1996 Supp). *See generally* Restatement (Second) of Conflicts § 84 (1971).

[¶ 12] No margin within SDCL 15–5–11(3) and 25–4–30.1 grants our courts the means to dismiss divorce actions, properly commenced

first in South Dakota, in favor of another state's jurisdiction. *See In re M.C.*, 527 N.W.2d 290, 293 (S.D.1995)(we presume the legislature is clear about the result it intends); *Behrns v. Burke*, 89 S.D. 96, 108, 229 N.W.2d 86, 93 (1975)(judicial restraint dictates that the court will not substitute its own wisdom for that of the legislature).

## C. Divorce Jurisdiction and the UCCJA

[¶ 13] If our civil and divorce statutes disallow a change of venue out-of-state, can the *forum non conveniens* provision in the UCCJA empower courts to dismiss an entire divorce action in favor of allowing another divorce suit to proceed along with the custody issue in another state? SDCL 26–5A–7 provides in part:

> If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper....

> \*   \*   \*   \*   \*   \*

> The court may decline to exercise its jurisdiction under this chapter if a custody determination is incidental to an action for divorce or another proceeding while retaining jurisdiction over the divorce or other proceeding.

The term "custody proceeding" by definition "includes proceedings in which a custody determination is one of several issues, such as an action for divorce or separation...." SDCL 26–5A–2(3). This statute permits a court to either dismiss a "custody proceed-

---

**3.** Illinois Supreme Court Rule 187 provides, in relevant part:

**Motions on Grounds for Forum Non Conveniens**

     \*   \*   \*   \*   \*   \*

**(c)Proceedings Upon Granting of Motions.**
(1) *Intrastate transfer of action.*

     \*   \*   \*   \*   \*   \*

(2) *Dismissal of action.* Dismissal of an action under the doctrine of *forum non conveniens* shall be upon the following conditions:
    (i) if the plaintiff elects to file the action in another forum within six months of the dismissal order, the defendant shall accept service of process from that court; and

    (ii) if the statute of limitations has run in the other forum, the defendant shall waive that defense.
If the defendant refuses to abide by these conditions, the cause shall be reinstated for further proceedings in the court in which the dismissal was granted. If the court in the other forum refuses to accept jurisdiction, the plaintiff may, within 30 days of the final order refusing jurisdiction, reinstate the action in the court in which the dismissal was granted. The costs attending a dismissal may be awarded at the discretion of the court.
SCtRule 187, IllAnnStat (Smith–Hurd 1993). *See also* CalCivProCode § 410.30 (West 1973)(allowing the dismissal of actions to a forum outside the state).

ing," or to decline jurisdiction over a "custody determination," but retain jurisdiction on other divorce issues.

[¶ 14] The UCCJA was designed to produce jurisdictional certitude for the sake of children. Deferring a child custody dispute to another forum can "assure that the best interests of the child . . . are not subordinated to the parents' interest in obtaining the best terms of the divorce." *Vanneck v. Vanneck*, 49 N.Y.2d 602, 427 N.Y.S.2d 735, 737, 404 N.E.2d 1278, 1280 (1980)(question of divorce jurisdiction separate from whether jurisdiction exists to entertain custody dispute). By design the UCCJA discourages divided custody hearings, not necessarily divided divorce proceedings. SDCL 26–5A–6 (simultaneous custody proceedings prohibited); *see, e.g., Smith v. Smith*, 459 N.W.2d 785, 787 (N.D.1990)(divisible divorce doctrine). Divorce jurisdiction per se is not controlled by the UCCJA; in fact, a court errs when it dismisses a dissolution based on UCCJA jurisdictional requirements. *Berc v. Berc*, 407 N.W.2d 131, 135 (Minn.Ct.App.1987)(citing *Mayer v. Mayer*, 91 Wis.2d 342, 283 N.W.2d 591, 595, n. 5 (Ct.App.1979)(approving refusal of custody jurisdiction but retention of jurisdiction over the dissolution)).

While the custody issue may be decided in another state under the Uniform Child Custody Jurisdiction Act, we know of no legal or factual basis for the trial court's deference to the Massachusetts court on the issues of maintenance and child support. *See* § 14–13–103(2) and § 14–13–108(6), C.R.S. (1987 Repl.Vol. 6B). Rather, to the extent of its jurisdiction to do so, the court must consider those issues in connection with the dissolution. Section 14–10–106(1)(b), C.R.S. (1987 Repl.Vol. 6B).

*In re Marriage of Doria*, 855 P.2d 28, 30 (Colo.Ct.App.1993). Even if the UCCJA viewed in isolation permits dismissal of a divorce, such interpretation contradicts our specific civil and divorce jurisdiction and venue statutes. Laws must be read in consonance with an entire statutory scheme. *De Smet Ins. Co. v. Gibson*, 1996 SD 102, ¶ 8, 552 N.W.2d 98, 101. Divorce jurisdiction here may not be dismissed or declined, as it was properly commenced first in South Dakota. SDCL 25–4–30; 15–7–2(9). We affirm the decision to defer the child custody matter to the Minnesota court pursuant to the UCCJA. We reverse the dismissal of the divorce action, including property division and alimony issues, and remand for further proceedings.[4]

[¶ 15] Both parties have petitioned for appellate attorney fees. SDCL 15–17–38. We consider several factors in determining whether one should be required to pay another's attorney fees. These factors include the property owned by each party, their relative incomes, the liquidity of the assets, and whether either party unreasonably increased the time spent on the case. *Raml v. Raml*, 499 N.W.2d 623, 626 (S.D.1993) (citation omitted). Considering these circumstances, we decline to award fees to either side.

[¶ 16] Affirmed in part, reversed in part, and remanded.

[¶ 17] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.

4. Karl's South Dakota divorce action was properly brought in Lawrence County, and, although it was dismissed, the order was still subject to appeal in this court. SDCL 15–26A–7; *South Dakota Department of Transportation v. Freeman*, 378 N.W.2d 241 (S.D.1985). Therefore, the doctrine of comity should allow the divorce action to proceed here on remand, while the child custody action proceeds in Minnesota. "[T]he court which first asserted jurisdiction will not be interfered with in the continuance of its assertion by another court of foreign jurisdiction. . . ." *State v. Taran*, 253 Minn. 158, 91 N.W.2d 444, 448 (1958) (citation omitted). *See also Reed v. University of North Dakota*, 543 N.W.2d 106, 109 (Minn.Ct.App.1996)(noting comity means "court[s] exercise extreme care and restraint in taking an action that may interfere with the jurisdiction of a foreign court"); *Matter of Florance*, 360 N.W.2d 626, 630 (Minn.1985)(comity); *State v. Start*, 229 Neb. 575, 427 N.W.2d 800, 803 (1988)("When separate sovereigns have jurisdiction over a person, the doctrine of primary jurisdiction allows the tribunal and sovereign which first obtained jurisdiction to continue jurisdiction until the first sovereign's jurisdiction is exhausted."). *See generally Wooster v. Wooster*, 399 N.W.2d 330 (S.D.1987).