2003 SD 48

**Lauw Marcus MAAS, Appellant,**

v.

**DEPARTMENT OF COMMERCE AND REGULATION, Appellee.**

**No. 22516.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 10, 2003.

Decided April 23, 2003.

Rehearing Denied May 21, 2003.

*Fed. Cr. Union v. Mathis Implement*, 515 N.W.2d 241, 244 (S.D.1994)(Miller, C.J., concurring specially).

Patrick M. Ginsbach of Farrell, Farrell and Ginsbach, Sioux Falls, South Dakota, Attorney for appellant.

Lawrence E. Long, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, South Dakota, Attorneys for appellee.

ZINTER, Justice.

[¶ 1.] Lauw Marcus Maas appeals from a one-year revocation of his drivers license by the Department of Commerce and Regulation (Department). The Department revoked his license because of a second offense DUI conviction. Maas argues that the Department, and the circuit court on appeal, applied the wrong look-back window in which prior DUI convictions can be considered to extend the length of a revocation. We affirm the Department's revocation under SDCL 32–12–52.1, and its use of the ten-year look-back window in SDCL 32–23–4.1.

## FACTS AND PROCEDURAL BACKGROUND

[¶ 2.] Maas was convicted of DUI in 1993. He was later convicted of DUI in 2001. However, the 2001 DUI was not specifically "charged" as a "second offense" under SDCL 32–23–3 and 32–23–4.2.[1] Moreover, for reasons not reflected in the record, the sentencing court only suspended Mass's license for thirty days on

---

1. SDCL 32–23–3 provides:

    If conviction for a violation of § 32–23–1 is for a second offense, such person is guilty of a Class 1 misdemeanor, and the *court shall*, in pronouncing sentence, unconditionally revoke the defendant's driving privilege for a period of not less than one year. However, upon the successful completion of a court-approved alcohol treatment program, the court may permit the person to drive for the purpose of employment and may restrict the privilege by the imposition of such conditions as the court sees fit. If such person is convicted of driving without a license during that period, the person shall be sentenced to the county jail for not less than three days, which sentence may not be suspended. (emphasis added).

    SDCL 32–23–4.2 provides:

    In any criminal case brought pursuant to the provisions of § 32–23–3, 32–23–4 or 32–23–4.6, the information shall allege, in addition to the principal offense charged, a former conviction or convictions, and the information shall be in two separate parts, each signed by the prosecutor. In the first part the particular offense with which the accused is charged shall be set out, and in the other part the former conviction or convictions shall be alleged. Except as provided

the 2001 conviction,[2] even though SDCL 32–23–3 required the court to revoke for one year. SDCL 32–23–3, *Supra* n. 1; *Matter of Revocation of Driver License of Fischer*, 395 N.W.2d 598 (S.D.1986).

■ [¶ 3.] The Department, however, has independent authority to revoke driving privileges. *Fischer, supra.* Therefore, the Department notified Maas that it was revoking his license for the mandatory one year period. The Department's notice indicated that it had instituted the revocation proceeding under SDCL 32–12–52.1. That statute required the Department to revoke the license to the extent that *the court* "failed to invoke the mandatory" one-year revocation required by SDCL 32–23–3.

[¶ 4.] Maas objected to the one-year license revocation and requested a hearing before a hearing examiner.[3] The hearing examiner issued a proposed decision concluding that the Department could only consider prior DUI convictions that occurred within four years of the 2001 offense. The hearing examiner arrived at that conclusion because she applied the four-year look-back window in SDCL 32–12–49, a statute different than SDCL 32–12–52.1, the statute that the Department used to impose the revocation.

[¶ 5.] The Department rejected the hearing examiner's proposed decision. The Department concluded that it was not restricted to the four-year look-back window in SDCL 32–12–49 because it had revoked pursuant to SDCL 32–12–52.1. The Department also concluded that under SDCL 32–12–52.1 (and SDCL 32–23–4.1), it was required to consider DUI convictions occurring within ten years of the 2001 offense.

[¶ 6.] Maas appealed the Department's decision to circuit court. The circuit court affirmed the Department. The circuit court held that the ten-year statutes (SDCL 32–23–4.1 and 32–12–52.1) specifically applied to DUIs, and because they were specific, they prevailed over the general four-year statute (SDCL 32–12–49), which does not specifically refer to DUIs.

[¶ 7.] Maas appeals raising two issues:

1. **Whether the Department may consider convictions that are more than four years old when revoking driving privileges for prior DUI convictions.**

2. **Whether the Department failed to give reasons for rejecting the hearing examiner's proposed decision as required by SDCL 1–26D–8.**

in § 32–23–3, the court may not permit an accused with any prior conviction to drive for the purpose of employment even if the prosecutor dismisses the second part of the information.

2. SDCL 32–23–2 provides in part:
   If *conviction for a violation of § 32–23–1 is* for a first offense, such person is guilty of a Class 1 misdemeanor, and the defendant's driving privileges shall be revoked for not less than thirty days.

3. SDCL 1–26–29 provides:
   No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceed-

ings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license. If the agency finds that public health, safety, or welfare imperatively require emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined.

## STANDARD OF REVIEW

[¶ 8.] We review this administrative ruling under our well settled standard of review.

The Court reviews agency findings in the same manner required of the circuit court when reviewing a decision from an administrative agency. This Court reviews findings of fact under the clearly erroneous standard, whereas questions of law are reviewed under the de novo standard.

*West Central Education Association v. West Central School Dist.,* 2002 SD 163, ¶ 10, 655 N.W.2d 916, 919 (further citations omitted). This is a case of statutory interpretation. We review statutory interpretation de novo. *Arends v. Dacotah Cement,* 2002 SD 57, ¶ 11, 645 N.W.2d 583, 587.

## DECISION

[¶ 9.]  **1. The Department may consider convictions that are more than four years old when revoking driving privileges for prior DUI convictions under SDCL 32–12–52.1.**

[¶ 10.] This appeal highlights a difference in SDCL 32–12–49 and 32–12–52.1, the two statutes that authorize the Department to revoke drivers licenses for DUI convictions. SDCL 32–12–49 is the general statute. It applies to any conduct that may authorize the Department to revoke a drivers license. Although that statute does not contain any reference to DUI convictions, subsection (1) is applicable to DUIs by implication because it permits revocations whenever there is a conviction for any offense that requires a "mandatory revocation." If SDCL 32–12–49 is applied to DUIs, the Department may only consider prior convictions occurring within four years of the current violation. SDCL 32–12–49 provides in relevant part:

The secretary of commerce and regulation *may* suspend, revoke, or cancel the driving privilege or license of a person after opportunity for hearing pursuant to chapter 1–26 if hearing is demanded, upon a showing by its records or other sufficient evidence that the licensee:

*(1) Has been convicted of an offense for which mandatory suspension or revocation of license is required;*

. . .

In determining whether a driver license or privilege should be suspended or revoked *under this section, the director may not consider any offense that is more than four years old.*

(emphasis added).

[¶ 11.] SDCL 32–12–52.1, however, specifically applies to DUIs, and it authorizes the Department to revoke a drivers license "to the extent that the driver license or privileges should have been revoked [by the trial court under] the mandatory [revocation] provisions of SDCL 32–23–2 to 4." This authority, under SDCL 32–12–52.1, includes the power to increase a thirty-day revocation to one year where the defendant was not charged by the prosecutor or sentenced by the court as a second offender in the criminal proceeding. *Fischer,* 395 N.W.2d 598. SDCL 32–12–52.1 provides:

The Department of Commerce and Regulation *shall revoke* the driver license or driving privilege of any driver upon receiving notice of that driver's conviction for a violation of the provisions of § 32–23–1 *to the extent that the driver license or privileges should have been revoked, if the judgment and sentence of the trial court failed to invoke the mandatory provisions of §§ 32–23–2 to 32–23–4,* inclusive, or the driver had been charged and convicted consistent with the records of the Department of Commerce and Regulation.

SDCL 32–12–52.1 (emphasis added). To determine "the extent that the driver license or privileges should have been revoked" by the court (and therefore by the Department), SDCL 32–23–4.1 specifically permits consideration of prior DUI convictions occurring within *ten years* of the current violation.

> *No previous conviction* for, or plea of guilty to, a violation of § 32–23–1 *occurring more than ten years prior to the date of the violation being charged* may be used to determine that the violation being charged is a second, third, or subsequent offense. However, any period of time during which the defendant was incarcerated for a previous violation may not be included when calculating if the time period provided in this section has elapsed.

SDCL 32–23–4.1 (emphasis added).[4]

■ [¶ 12.] Although Maas' license was revoked under these latter statutes, he argues that the ten-year look-back provision of SDCL 32–23–4.1 cannot be used in conjunction with SDCL 32–12–52.1 to increase his 2001 revocation because his 2001 offense was not "charged" as a "second offense." Maas reasons that because he was not "charged" as a second offender, he could not have been sentenced as a second offender by the court. Maas concludes that if the court could not have sentenced him as a second offender using the ten-year look-back window, the Department is equally limited. Maas points out that SDCL 32–12–52.1 only permits Departmental revocation "to the extent that the driver license or privileges should have been revoked" by the court. However, Maas's entire argument is incorrectly premised on the assumption that absent a formal charge of "second offense" DUI, the trial court (and therefore the Department) are precluded from imposing a one-year revocation on the second, but uncharged DUI offense.[5] In fact, we reached the opposite conclusion in *Fischer*, 395 N.W.2d 598.

[¶ 13.] Like the case before us now, *Fischer* involved a second DUI that was not formally "charged" or "sentenced" as a "second offense." Consequently, the "judgment and sentence of the trial court failed to invoke the mandatory [1 year revocation] provisions." *Id.* at 600. Later, the Department notified *Fischer* that it was revoking his driver's license under SDCL 32–12–52.1 for the mandatory one-year period. In considering the legality of the Department's action under SDCL 32–12–52.1,[6] we noted that it was unimportant whether the trial court was aware that

---

4.  SDCL 32–23–4.1 was amended in 2001 to extend the look-back period from five years to ten years. SL 2001, ch 177, § 1. Maas's license was revoked under the 2001 amendment to SDCL 32–23–4.1.

5.  The dissent also incorporates this premise to support its conclusion. More specifically, the dissent concludes that the first clause of SDCL 32–12–52.1 cannot apply "because the [sentencing] court *had imposed the mandatory revocation* [required by statute]." (emphasis added). *See* ¶¶ 31, 32, and ¶ 35, *infra*. From this premise, the dissent concludes that because the sentencing court had imposed the "mandatory revocation," the Department could only revoke under the second clause in SDCL 32–12–52.1, which only permits the

department to "proceed based upon its own records ... in SDCL 32–12–49...." However, the premise for the dissent's conclusion is not supported by *Fischer*. *Fischer* clearly recognized that under similar facts, the sentencing court under review there had not imposed the mandatory revocation required by statute. Indeed, *Fischer* specifically rejected the notion that the sentencing court had properly invoked "the mandatory provisions of §§ 32–23–2 to 33–23–4." *Fischer*, 395 N.W.2d at 600.

6.  Although *Fischer* applied a prior version of SDCL 32–12–52.1, the differences are not material to the outcome of this case.

*Fischer* was being afforded an opportunity to plead to a second offense as if it were a first offense DUI. We recognized that the failure to correctly sentence a subsequent offense can occur as a result of judicial leniency, the state's attorneys exercise of prosecutorial discretion, or perhaps inattention to a defendant's record. *Id.* at 600, 603.

[¶ 14.] We concluded that when such judicial leniency *or* prosecutorial oversight occurs, the Department is authorized to commence a separate and distinct civil proceeding to revoke under SDCL 32–12–52.1. We specifically stated that in those civil proceedings, the Department has authority to act where there has been judicial or prosecutorial "leniency," or "oversight." *Id.* at 600. We observed that the relevant question under SDCL 32–12–52.1 is whether "the mandatory penalty [was] imposed per the offense *as it was, or should have been charged* [.]" *Id.* at 602. (emphasis added). This emphasized language clearly ·envisioned Departmental correction of both prosecutorial and judicial leniency. Therefore, even though that second offense was not charged as a second offense, we ultimately held that the Department was authorized to revoke the license under SDCL 32–12–52.1 for one year. *Id.* at 601.

[¶ 15.] Under this precedent, the premise of Maas's argument fails. Under this precedent and SDCL 32–12–52.1 (including 32–23–4.1), the Department must revoke for "second offense" DUI when the prosecutor fails to charge the DUI as a second or subsequent offense, as well as when the court fails to impose the mandatory revocation provisions of the statutes. *Fischer,* 395 N.W.2d at 602.[7]

[¶ 16.] Maas next argues that we should consider the ten-year and the four-year statutes together. He argues that when considered together, the Department should be limited to the four-year look-back window in SDCL 32–12–49, and only the courts may use the ten-year look-back window in SDCL 32–23–4.1 (through 32–12–52.1). However, we believe that because both statutes specifically authorize the Department to revoke, it is more appropriate that SDCL 32–12–52.1 be considered one specific avenue for Departmental revocation, while SDCL 32–12–49 is another general avenue. Ultimately, this case is controlled by the avenue that the Department utilized when it revoked Maas's license.

[¶ 17.] The Department's Notice of Revocation indicated that it utilized SDCL 32–12–52.1. The notice stated "[y]ou are hereby notified that your South Dakota drivers license ... is revoked for the following reasons: DRIVING WHILE INTOXICATED; SDCL (32–23–1) *(32–12–52.1* ) (32–12–56.2)" (emphasis added). Notably, there is no reference in this notice to SDCL 32–12–49. The notice specifically confirms that the Department was proceeding under the authority of SDCL 32–12–52.1. Indeed, the Department concluded in its pre-hearing conclusions of law that:

> The [Department] has the authority to revoke the driver license pursuant to SDCL 32–12–52.1.... Conclusion of law 1.

> The [Department] is required to revoke the license ... upon receiving notice of an operator's conviction of any of the provisions of SDCL 32–23–1 ... [i]f the

---

7. This dissent does not recognize that the *Fischer* sentencing court failed to impose the "mandatory minimum revocation," (*see infra* at ¶¶ 31, 32 and ¶ 35). Had the *Fischer* sentencing court imposed the "mandatory mini-

mum revocation," *Fischer* could not have held that the Department was authorized to increase the revocation from thirty days to one year in that case.

judgment and sentence of the trial court failed to invoke the mandatory provisions of SDCL 32–23–3 to 32–23–4, inclusive, and [to] the extent that the operator's privileges of driving should have been revoked (SDCL 32–12–52.1). Conclusion of law 4.

[T]he driver license of [Maas] was not revoked for the mandatory [one-year] term. Conclusion of law 5.

[¶ 18.] Thus, the Department unquestionably acted under the authority of SDCL 32–12–52.1. Had the Department initiated this revocation proceeding under SDCL 32–12–49, it would have been limited to that statute's four-year look-back window. However, it is clear from this record that the Department acted under SDCL 32–12–52.1 and 32–23–4.1. Because the Department was acting under the more specific authorization in SDCL 32–12–52.1 and 32–23–4.1, we hold that it did not err in using the ten-year look-back window in revoking Maas's license.[8]

[¶ 19.] **2. The Department did not fail to give reasons for rejecting the hearing examiner's proposed decision as required by SDCL 1–26D–8.**

[¶ 20.] Maas argues that the Department did not follow a procedural requirement when it rejected the hearing examiner's decision. That requirement, found in SDCL 1–26D–8, requires that "[i]f the reviewing agency rejects or modifies proposed findings or a proposed decision [of a hearing examiner], it shall give reasons for doing so in writing."

■ [¶ 21.] Here, the Department's post-hearing Conclusion of Law 3 and 4 stated its reasons for rejecting the hearing examiner's proposed decision. Those Conclusions of Law stated:

When a DWI conviction reaches the Driver Licensing Department, and the judge has not revoked the driver's [sic] license for the mandatory length of time, the Department must do so as required by SDCL 32–12–52.1. Conclusion of Law 3.

The four-year limitation in SDCL 32–12–49 applies to that section only; not to driver's [sic] license revocations resulting from a conviction of SDCL 32–23–1 in conjunction with SDCL 32–23–4.1. Conclusion of Law 4.

■ [¶ 22.] We conclude that these Department conclusions satisfied the "written reasons" requirement in SDCL 1–26D–8. The purpose of that requirement is to provide for meaningful appellate review. Considering that purpose, even a brief reason for rejection of a hearing examiner's decision, without elaboration, can be sufficient to provide a reviewing court with a sufficient record for appellate review. *Watertown Co-op. Elevator Ass'n v. South Dakota Dept. of Revenue*, 2001 SD 56, ¶ 16, 627 N.W.2d 167, 173. Although the Department's reasons stated here

---

8. The dissent concludes that the ten-year look back window is unauthorized by statute, and that utilization of a ten-year look-back window "would require this Court to read words into the statute that are not there." *Infra* at ¶ 30. However, no reading of words into the statute is necessary if all words in SDCL 32–12–52.1 are considered. The first relevant clause (described by the dissent as the first instance) is statutory authorization for the Department to revoke to *the same extent* that a trial court possesses authority to revoke under the mandatory provisions of SDCL 32–23–2 to 4. Because a trial court clearly possesses authority to utilize the ten-year look-back window in SDCL 32–23–4.1, the Department also possesses such authority under that clause which requires a departmental revocation *"to the extent* that the driver license or privileges should have been revoked, if the judgment and sentence of the trial court failed to invoke the mandatory [revocation]." (emphasis added). SDCL 32–12–52.1.

were conclusory, they were conclusory only because the sole issue in this case involved the conclusion of law as to which statute applied. Because the Department's written Conclusions of Law adequately explained its application of the relevant statutes, the Department's stated reasons complied with SDCL 1–26D–8.

[¶ 23.] We affirm.

[¶ 24.] GILBERTSON, Chief Justice, and KONENKAMP, Justice, concur.

[¶ 25.] SABERS and MEIERHENRY, Justices, dissent.

SABERS, Justice, dissenting.

[¶ 26.] I join Justice Meierhenry's dissent to the extent that she states that the Department is entitled only to those powers specifically delegated to it by the Legislature. The Department has failed to show that it has the authority to disregard SDCL 32–12–49 and look back beyond four years for determination of license revocation.

[¶ 27.] The majority opinion allows the Department complete discretion as to how far it will look back for purposes of license revocation. By providing that the look back period will vary depending upon which statute the Department chooses to proceed under, the majority creates a state of law under which no person will know what their potential revocation will be until the Department picks a statute. This is inconsistent with due process and inconsistent with the principles of predictability and continuity in the law. *Office of Consumers' Counsel v. Public Utilities Commission,* 58 Ohio St.2d 108, 388 N.E.2d 1370, 1377 (1979) (noting, "[a] well-recognized legal standard is that predictability is essential in all areas of the law, including administrative law").

MEIERHENRY, Justice, dissenting.

[¶ 28.] I dissent on Issue I and concur on Issue II.

[¶ 29.] The Department, as an administrative agency, has only the authority the legislature expressly delegates to it. The legislature in SDCL § 32–12–52.1 does not expressly give the Department the authority to consider ten-year-old convictions in revoking drivers' licenses. I find the Department exceeded its authority.

[¶ 30.] The statutory clause upon which the Department bases its authority states that the Department shall revoke the license of a person convicted of DUI "to the extent that the driver license or privileges should have been revoked, if the judgment and sentence of the trial court failed to invoke the mandatory provisions of §§ 32–23–2 to 32–23–4, inclusive, or the driver had been charged and convicted consistent with the records of the Department of Commerce and Regulation." SDCL § 32–12–52.1. To interpret the statute to give the Department authority to look back ten years would require this Court to read words into the statute that are not there.

[¶ 31.] The majority opinion relies on Matter of Revocation of Driver License of Fischer, in which the Court in applying a prior version of SDCL § 32–12–52.1 allowed the Department to revoke Fischer's operating permit for one year when he pleaded guilty to a first-offense DUI approximately one year after his conviction for a previous first-offense DUI. 395 N.W.2d 598, 599 (S.D.1986). I also believe that *Fischer* controls the case before us, however, disagree on its application. The look-back statute was not an issue in *Fischer* nor did the Court address it because the two convictions were within the four year limitation of SDCL § 32–12–49. The issue in *Fischer* was whether the statute allowed the Department to revoke a license in a case where the prosecutor had

only charged a first offense DUI and the Department records indicated it could have been charged as a second offense DUI and where the court imposed the mandatory minimum revocation. The *Fischer* Court found that the Department had the authority to revoke the license based upon the language of that portion of the statute allowing the Department to revoke if the "operator had been charged and convicted consistent with Department records." *Id.* at 600. In *Fischer,* the Court found that the statute was ambiguous and was not limited only to instances where the court had failed to impose mandatory minimum license revocations. *Id.* The Court determined that the statute allowed the Department to revoke a license not only when the trial court failed (1) "to impose the minimum statutory revocation," but also (2) when the prosecutor had failed to charge as a second or subsequent offense. *Id.* The Court stated, "The statute as originally enacted gave Department authority to act in instances of judicial leniency. The amendment adds nothing in that regard but, where it refers to 'charged and convicted,' we believe that it is meant to deal with prosecutorial leniency or oversight." *Id.*

[¶ 32.] *Fischer* was not a case of judicial leniency—the trial court properly imposed the mandatory minimums for a first-offense DUI. *Fischer* was a case of prosecutorial leniency. With prosecutorial leniency, the Court found the Department had authority to revoke under the second element of the statute which gave it the authority "to the extent it should have been revoked if: ... (2) the operator had been charged and convicted consistent with Department records." *Id.* So too is the case before us. Maas was charged and convicted of two DUI, first offenses. The judge, as required by statute, imposed the mandatory thirty-day revocation—clearly not a case of judicial leniency.

[¶ 33.] This Court has consistently ruled that an agency has only the authority granted to it by statute.

> The general rule is that administrative agencies have only such adjudicatory jurisdiction as is conferred upon them by statute. Furthermore, '[an administrative agency] may not acquire jurisdiction by estoppel or consent, and, where it acts without jurisdiction, its orders are void.' An agency has only such power as expressly or by necessary implication is granted by legislative enactment; agency may not increase its own jurisdiction and, as a creature of statute, has no common-law jurisdiction nor inherent power such as might reside in a court of general jurisdiction.

*O'Toole v. SD Retirement System,* 2002 SD 77, ¶ 15, 648 N.W.2d 342, 346 (citations omitted).

[¶ 34.] The question, here, is what revocation authority has the legislature conferred upon the Department in SDCL § 32–12–52.1. This is one of several statutes in SDCL Ch. 32–12 and –12A wherein the legislature has defined the Department's authority. By this delegation, the legislature gave the Department the power to revoke or suspend a driver's license but only in certain circumstances. Some of the circumstances are described in SDCL § 32–12–49 and in SDCL § 32–12–52.1. In SDCL § 32–12–49, the law lists eight categories under which the Department can suspend, revoke or cancel a driver's license or privilege. In SDCL § 32–12–52.1, the law directs the Department to revoke the driver's license of someone convicted of a DUI in the following instances, first, when the trial court failed to revoke it as mandated in " §§ 32–23–2 to 32–23–4, inclusive" and, second, when someone is convicted of a DUI and the prosecutor had not charged it as a second or third offense.

It is important to note that the legislature stopped short of authorizing the Department to revoke when a court fails to impose the mandatory two-year revocation for fourth and subsequent DUI's in SDCL § 32–23–4.6. Noteworthy also is the absence of any reference to the ten-year look-back statute allowed to prosecutors in SDCL § 32–23–4.1. Had the legislature intended to give the Department a ten-year look-back it could have amended the drivers' license statutes at the same time it amended the criminal statutes.

[¶ 35.] In the first instance designated in SDCL § 32–12–52.1, the Department's revocation authority arises after the driver has been charged and convicted as a second or third offender with all the corresponding rights and procedures of the criminal justice system and as this Court stated in *Fischer* when a lenient court failed to impose the mandatory minimum. In the second instance, the driver has *not been charged or convicted* as a second or subsequent offender in a court of law, that is, a prosecutor has chosen not to charge the offense as a second or subsequent DUI. In this case, the first element of the statute cannot apply because the court had imposed the mandatory revocation. Therefore, the Department can only revoke under the second element of the statute, as if "the driver had been charged and convicted consistent with the records of the Department of Commerce and Regulation." SDCL § 32–12–52.1. The administrative authority to proceed based upon its own records is outlined in SDCL § 32–12–49 and specifies a person's right to a chapter 1–26 administrative hearing. Without specific authority in SDCL § 32–12–51.1 to use ten-year old convictions, the Department must rely on its administrative authority in SDCL § 32–12–49 which prohibits the Department from considering offenses more than four years old. I

would reverse the trial court and reinstate the ALJ's decision on Issue I.