2003 SD 117

**Duane HAY and Paulette Hay, Petitioners and Appellants,**

. v.

**BOARD OF COMMISSIONERS FOR GRANT COUNTY, South Dakota, James Peters, Gene Mann, Clayton Tucholke, Paul Dummann, and Richard Berens, Respondents and Appellees.**

**No. 22760.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 25, 2003.

Decided Sept. 24, 2003.

James G. Abourezk, Sioux Falls, South Dakota, Attorney for appellants.

Jack H. Hieb of Richardson, Groseclose, Wyly, Wise & Sauck, Aberdeen, South Dakota, Attorneys for appellees.

KONENKAMP, Justice.

[¶ 1.] A zoning and planning commission, acting as a board of adjustment, granted a permit for the expansion of a dairy operation. Aggrieved by the decision, two taxpayers appealed to the county commissioners. The commissioners declined to hear the appeal, ruling that they lacked jurisdiction to review a decision of the board of adjustment. The taxpayers then petitioned the circuit court for a writ of mandamus requiring the commissioners to act. In denying the writ, the court ruled that the planning and zoning commission was properly sitting as a board of adjustment, and the county commissioners lacked jurisdiction over the board of adjustment. On appeal, the taxpayers question whether a planning and zoning commission must expressly convene as a board of adjustment to decide on board of adjustment matters. Because South Dakota law allows for the designation of a planning and zoning commission to act as a board of adjustment and this board took final action on the permit, the county commission had no jurisdiction to review the decision. We affirm.

## Background

[¶ 2.] Whetstone Valley Dairy, Inc. is a concentrated animal feeding operation (CAFO) located in Grant County. Whetstone existed as a "non-permitted" dairy farm before Grant County adopted its comprehensive zoning regulations, and thus, it was exempt from the zoning requirements for a CAFO. Whetstone wanted to sell its operation. Because the exemption would not apply to a subsequent owner, Whetstone sought a CAFO permit under the Grant County zoning ordinances. The Grant County Review, a newspaper of general circulation in the area, published proper notice of a special meeting in which the Grant County Planning and Zoning Commission would consider Whetstone's application.

[¶ 3.] When, on October 24, 2002, the planning commission convened, Duane and Paulette Hay appeared with their attorney and objected to the permit application. After hearing from both proponents and opponents, the planning commission voted five to two in favor of granting the permit. The Grant County Review published notice of the planning commission's final decision on October 30, 2002.

[¶ 4.] On November 6, 2002, the Hays appeared before the Grant County Commission to object to the planning commission's grant of the permit to Whetstone. Noting that the planning commission had acted as a board of adjustment, the county commission declined to review the matter for lack of jurisdiction. The commissioners told the Hays that the matter should be referred to the circuit court.

[¶ 5.] Rather than proceeding under SDCL 11–2–61, on December 10, 2002, the Hays applied for writ of mandamus, asking the circuit court to require the Grant County Commission to review the planning commission's decision. In denying the Hays' application, the court concluded that South Dakota law does not empower a county commission to review decisions made by a planning commission acting as a

board of adjustment. On appeal, the Hays offer the following issues: (1) "Whether the trial court erred when it determined that the Zoning and Planning Commission was acting as a Board of Adjustment at the October 24, 2002 meeting of the Zoning and Planning Commission." (2) "Whether the trial court erred when it ruled that petitioners' time for appeal or referendum had expired when the County Commission had failed to either approve or disapprove of the Zoning Board's action."

## Analysis and Decision

■■■ [¶ 6.] When reviewing a circuit court's interpretation of statutes, as this case requires us to do, we interpret the statutes de novo. *Maas v. Dept. of Commerce and Regulation*, 2003 SD 48, ¶ 8, 661 N.W.2d 726, 730 (further citations omitted). On a denial of a writ of mandamus, we decide only whether the trial court abused its discretion. *Vitek v. Bon Homme County*, 2002 SD 45, ¶ 5, 644 N.W.2d 231, 233 (citations omitted). A mandamus petitioner must show a clear legal right to performance of the specific duty sought to be compelled, and the respondent must have a definite legal obligation to perform that duty. *Willoughby v. Grim*, 1998 SD 68, ¶ 7, 581 N.W.2d 165, 168 (citations omitted).

■■ [¶ 7.] The Hays insist that the planning commission was not properly sitting as a board of adjustment during its October 24, 2002 meeting, and therefore, any decision made that evening was a decision of the planning commission and not the board of adjustment. Three sections of SDCL ch 11–2, as they read in 2002, provide for the appointment of a board of adjustment. SDCL 11–2–49:

Except as otherwise provided by § 11–2–60, the board shall provide for the appointment of a board of adjustment, or for the planning and zoning commission to *act as a board of adjustment,* and in the regulations and restrictions adopted pursuant to the authority of this chapter, shall provide that the board of adjustment may, in appropriate cases and subject to appropriate conditions and safeguards, grant variances to the terms of the ordinance.

*Id.* (emphasis added). SDCL 11–2–60:

In lieu of appointing the board of adjustment provided by § 11–2–49, the board of county commissioners having adopted and in effect a zoning ordinance may act as and perform all the duties and exercise the powers of the board of adjustment. The chair of the board of county commissioners is chair of the board of adjustment as so composed. The concurring vote of at least two-thirds of the members of the board as so composed is necessary to reverse any order, requirement, decision, or determination of any administrative official, or to decide in favor of the appellant on any matter upon which it is required to pass under any zoning ordinance, or to effect any variation in the ordinance.

*Id.* SDCL 11–2–50:

A board of adjustment, other than the planning and zoning commission *acting as a board of adjustment,* consists of five members, each to be appointed for a term of three years and removable for cause by the appointing authority upon written charges and after public hearing. Vacancies shall be filed [sic] for the unexpired term of any member whose term becomes vacant. The appointing authority may also appoint a first alternate and a second alternate for a term of three years each. If a member is unable to attend a meeting, the first alternate, or second alternate, in turn, shall serve in the members place.

*Id.* (emphasis added.)

[¶ 8.] These statutes delineate three available options in the appointment of a

board of adjustment. First, an independent board of adjustment may be appointed. SDCL 11–2–50 provides for the composition of a board of adjustment, the terms of its members, the method of filling vacancies, and the appointment of alternate members. Second, the planning and zoning commission may act as a board of adjustment. If a planning and zoning commission is appointed to act as a board of adjustment, the requirements of SDCL 11–2–50 do not apply. Third, a county commission may act as a board of adjustment. If a county commission is to act as a board of adjustment, the provisions of SDCL 11–2–60 must be followed.

[¶ 9.] Words and phrases in a statute must be given their plain meaning and effect. *Esling v. Krambeck*, 2003 SD 59, ¶ 6, 663 N.W.2d 671, 676 (citing *Moss v. Guttormson*, 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17 (citations omitted)). We do not interpret these statutes as requiring Grant County to establish an independent board of adjustment. Nor do they require a planning and zoning commission authorized to act as a board of a adjustment to specify whether each of its actions constitutes an action as a planning commission or a board of adjustment. Instead, the statutes permit county commissioners to vest in the planning commission the authority to make decisions in lieu of a board of adjustment. The plain language of these statutes supports our interpretation. SDCL 11–2–49 specifically allows "the planning and zoning commission" to act as "a board of adjustment." *Id.* The statute does not require that the *members* of a planning and zoning commission be appointed to act as *members* of a board of adjustment. Rather, the planning and zoning commission, as a whole, is substituted for a board of adjustment. This interpretation is supported by SDCL 11–2–50. That statute provides for how an

independent board of adjustment must be constituted, but specifically exempts planning and zoning commissions from its requirements.

[¶ 10.] Under the statutory guidelines for creating a board of adjustment found in SDCL 11–2–49, the Grant County Commissioners appointed the planning commission to act as the board of adjustment. Article V, section 501 of the Grant County Comprehensive Zoning Regulations provides:

> The Board of Grant County Commissioners shall appoint the Grant County Planning Commission and four (4) alternates *to act as the Board of Adjustment.* The alternates to the Board of Adjustment shall be the members of the Grant County Board of Commissioners. If a Planning Commissioner acting as a Board of Adjustment member is unable to attend a meeting, the Grant County Commissioner representing the district in which the applicant requesting a Board of Adjustment action, shall be the first alternate, subsequent alternates shall be chosen by the Board of [A]djustment.

(Emphasis added.) Therefore, the Hays' position that the planning commission must have convened as a board of adjustment to grant Whetstone's permit application is not meritorious.

[¶ 11.] The Hays failed to seek timely review of the board of adjustment's decision. SDCL ch 11–2 outlines the statutory procedure for appealing from a board of adjustment decision. Particularly, the version of SDCL 11–2–61 in effect at the time provided:

> Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board, or bureau of the county may present to a court of record a petition duly verified, setting forth that the decision is illegal,

in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court *within thirty days* after the filing of the decision in the office of the board of adjustment.

*Id.* (emphasis added). On November 6, 2002, only thirteen days after the board of adjustment decision to grant the permit, the Hays appeared before the county commissioners. During this meeting, the commissioners advised the Hays that because the planning commission had acted as a board of adjustment, the Hays' only recourse was an appeal to the circuit court. They declined to heed this advice and, instead, chose to apply for a writ of mandamus.

[¶ 12.] The circuit court did not abuse its discretion in denying the Hays' request for a writ. They had no legal right to the performance requested because the commissioners had no jurisdiction over the matter.

[¶ 13.] Affirmed.

[¶ 14.] GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices, concur.

[¶ 15.] SABERS, Justice, concurs specially.

SABERS, Justice (concurring specially).

[¶ 16.] I recognize that the planning and zoning commission may be substituted for a board of adjustment under SDCL 11–2–49. However, whenever the planning commission *acts as a board of adjustment,* the public is entitled to notice of same and any such action taken in the future without sufficient notice to the public should be voidable.