#29471-a-SRJ
**2021 S.D. 51**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

BRIAN JAMES JANS,                                    Appellant,

   v.

STATE OF SOUTH DAKOTA, THE
DEPARTMENT OF PUBLIC SAFETY,            Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JON SOGN
Judge

* * * *

RICHARD L. JOHNSON
Sioux Falls, South Dakota                    Attorney for appellant.


JASON R. RAVNSBORG
Attorney General

EDWARD S. HRUSKA III
Special Assistant Attorney General
Pierre, South Dakota                         Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS
MAY 25, 2021
OPINION FILED **09/08/21**

#29471

JENSEN, Chief Justice

[¶1.]      The Department of Public Safety (Department) disqualified Brian James Jans' commercial driver's license (CDL) for one year after he pleaded guilty to driving under the influence (DUI) and received a suspended imposition of sentence. Jans appeals, arguing the Department's decision violated the doctrine of the separation of powers under article II of the State Constitution by unconstitutionally infringing upon the judiciary's sentencing authority. He also argues the Department no longer had the statutory authority to disqualify his CDL once his case was dismissed and discharged under SDCL 23A-27-14. We affirm.

**Facts and Procedural History**

[¶2.]      On April 29, 2016, Jans was arrested for first offense DUI pursuant to SDCL 32-23-2. The sentencing court imposed a suspended imposition of sentence after he pleaded guilty on June 16, 2016. The conditions of the sentence required Jans to obtain a chemical dependency assessment and have no alcohol-related offenses for three years. The Department did not take any action to disqualify Jans' CDL immediately after sentencing. After Jans successfully completed the conditions of his sentence, he was formally discharged by the court, and the record of his DUI was sealed on or prior to August 19, 2019.

[¶3.]      On August 29, 2019, the Department sent Jans notice that his CDL would be disqualified for one year. Jans requested a hearing on the proposed disqualification, and an administrative hearing was held before the Office of Hearing Examiners on October 4, 2019. Both parties were represented by counsel.

-1-

Kerry Schrank, the senior secretary at the Department, testified. Jans also testified at the hearing.

[¶4.]  Schrank explained that when a defendant enters a guilty plea to a DUI charge and a court imposes a suspended imposition of sentence, the Department receives a record of the criminal case the day after sentencing. Then, the Department disqualifies the defendant's CDL for one year under SDCL 32-12A-36(1).[1] Due to a staff oversight, the Department did not disqualify Jans' CDL when it first received notice of his DUI sentence in 2016 and instead moved to disqualify Jans' CDL in 2019, after the Department received notice that his DUI conviction had been sealed. Schrank had no knowledge of the underlying circumstances of the offense. However, she claimed the Department had statutory authority to disqualify a license holder's CDL when the qualifying offense occurred within the last four years. *See* SDCL 32-12A-32.[2]

---

1.  "Any person is disqualified from driving a commercial motor vehicle for a period of not less than one year: (1) If convicted of a first violation of driving or being in actual physical control of a commercial or noncommercial motor vehicle while under the influence of alcohol, or any controlled drug or substance, in violation of § 32-23-1 . . . ." SDCL 32-12A-36.

2.  "The secretary of public safety may suspend, revoke, disqualify, or cancel the commercial learner's permit, commercial driver license, or driving privilege of a person after opportunity for hearing pursuant to chapter 1-26, if hearing is demanded, upon a showing by its records or other sufficient evidence that the licensee: (1) Has been convicted of an offense for which mandatory suspension, revocation, or disqualification of license is required . . . . *In determining whether a commercial learner's permit, commercial driver license, or driving privilege should be suspended or revoked under this section, the director may not consider any offense that is more than four years old.*" SDCL 32-12A-32 (emphasis added).

[¶5.]     Jans testified that he had held a CDL since 2012, drove a commercial vehicle for his job at a trucking company, and would lose his employment if his CDL was disqualified.  Jans also stated he was driving a noncommercial vehicle when he was arrested.  Jans conceded that he had pleaded guilty to DUI and received a suspended imposition of sentence but stated he had no other criminal convictions.  The order memorializing Jans' 2016 guilty plea and imposing a suspended imposition of sentence was introduced at the hearing.

[¶6.]     Jans argued the disqualification of his CDL would violate article V, § 5 of the South Dakota Constitution, which grants courts the exclusive authority to suspend "imposition or execution of a sentence."  He argued the statutes authorizing the Department to disqualify a CDL when a court has ordered a suspended imposition of sentence violate the separation of powers doctrine in article II of the South Dakota Constitution.  Further, Jans maintained that, even if the Department had authority to disqualify his CDL privileges at the time of sentencing in 2016, the Department could no longer do so once his case had been discharged and dismissed under SDCL 23A-27-14; and the record of the offense was sealed pursuant to SDCL 23A-27-17.  Upon discharge, he claimed he was no longer "convicted" within the meaning of SDCL 32-12A-36(1).

[¶7.]     The administrative law judge (ALJ) found Jans was convicted of DUI in violation of SDCL 32-23-1 and had received a suspended imposition of sentence.  As such, the ALJ determined SDCL 32-12A-32(1) and SDCL 32-12A-36(1) required the Department to disqualify Jans' CDL.  Further, the ALJ determined that failure to disqualify Jans' CDL would violate SDCL 32-12A-64, which provides the State

"may not mask, defer imposition of judgment, or permit any person to enter into a diversion program that would prevent a commercial learner's permit or commercial driver license holder's conviction for any violation, in any type of motor vehicle . . . ." The ALJ concluded that "if Jans was allowed to plead guilty to a DUI and then retain his CDL because of a suspended imposition of sentence, this would be a diversion program" in violation of SDCL 32-12A-64.

[¶8.]     On December 5, 2019, the Department issued a final order affirming the decision of the ALJ. Jans appealed to the circuit court. The parties stipulated to a court order staying the disqualification until the appeal was resolved. In its memorandum opinion, the circuit court noted that this Court has recognized the Department's authority to disqualify noncommercial driver's license holders under SDCL 32-12-52.1, even when a court has failed to do so in underlying criminal proceedings. *See Matter of Revocation of Driver License of Fischer*, 395 N.W.2d 598, 603 (S.D. 1986). Further, it determined a suspended imposition of sentence imposed after a guilty plea was a "conviction" as provided in SDCL 32-12A-1(7)[3], and that the Department had authority for four years after the offense was committed to disqualify Jans' CDL. The court issued an order affirming the Department's decision on October 13, 2020.

---

3.     SDCL 32-12A-1(7) defines a conviction as "an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal, an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court, *a plea of guilty or nolo contendere accepted by the court*, the payment of a fine or court cost, or violation of a condition of release without bail, *regardless of whether or not the penalty is rebated, suspended, or probated . . . .*" (Emphasis added).

[¶9.] Jans appeals to this Court and argues: (1) SDCL chapter 32-12A infringes upon the judiciary's power under article V, § 5 of the South Dakota Constitution and thus violates the separation of powers doctrine in article II of the South Dakota Constitution; and (2) the Department lacked statutory authority to disqualify his CDL after his case had been discharged and dismissed under SDCL 23A-27-14 and sealed pursuant to SDCL 23A-27-17.

## Analysis and Decision

[¶10.] "Our review of agency decisions is the same as the review made by the circuit court. We perform that review of the agency's findings unaided by any presumption that the circuit court's decision was correct." *In re Jarman*, 2015 S.D. 8, ¶ 8, 860 N.W.2d 1, 5 (internal citations omitted). We "give great weight to the findings made and inferences drawn by an agency on questions of fact. We reverse only when those findings are clearly erroneous in light of the entire record." *Id.* We review de novo "[i]ssues of statutory and constitutional interpretation . . . ." *Matter of Cleopatra Cameron Gift Tr., Dated May 26, 1998*, 2019 S.D. 35, ¶ 17, 931 N.W.2d 244, 249.

> **1. Whether SDCL chapter 32-12A infringes upon the judiciary's power under article V, § 5 of the South Dakota Constitution and thus violates the separation of powers doctrine in article II of the South Dakota Constitution.**

[¶11.] South Dakota Constitution article V, § 5 states: "[i]mposition or execution of a sentence may be suspended by the court empowered to impose the sentence unless otherwise provided by law." Article II of the South Dakota Constitution "explicitly states the separation of powers doctrine and encompasses

three prohibitions: (1) no branch may encroach on the powers of another, (2) no branch may delegate to another branch its essential constitutionally assigned functions, and (3) quasi-legislative powers may only be delegated to another branch with sufficient standards." *Gray v. Gienapp*, 2007 S.D. 12, ¶ 17, 727 N.W.2d 808, 812. "Each branch, so long as it acts within the limitations set by the constitution, may exercise those powers granted to it by the constitution without interference by the other branches of government." *Id.* "To be invalidated a statute must be proved a breach of legislative power beyond a reasonable doubt." *State v. Outka*, 2014 S.D. 11, ¶ 24, 844 N.W.2d 598, 606 (internal citation omitted).

[¶12.] Jans argues that SDCL 32-12A-1(7), SDCL 32-12A-32(1), SDCL 32-12A-36(1), and SDCL 32-12A-64 violate "the Court's constitutional power to suspend [an] imposition of sentence and grant judicial clemency to individuals" in article V, § 5, in contravention of the separation of powers doctrine in article II. The Department responds that it has independent authority to disqualify CDLs in civil proceedings, even when a court has exercised leniency during criminal sentencing, and that such authority does not violate the separation of powers doctrine. *See Maas v. Dep't of Com. & Regul.*, 2003 S.D. 48, ¶ 14, 661 N.W.2d 726, 732; *Fischer*, 395 N.W.2d at 603.

[¶13.] The power of judicial clemency under article V, § 5 of the South Dakota Constitution is not absolute. The text of § 5 states that "[i]mposition or execution of a sentence may be suspended by the court empowered to impose the sentence *unless otherwise provided by law.*" (Emphasis added). *See also State v. Schempp*, 498

N.W.2d 618, 620 (S.D. 1993) (holding "courts have full authority to suspend the imposition of sentence in all cases, *except where specifically restricted by statute*").

[¶14.]        SDCL 32-12A-32 and -36 require the Department to disqualify a license holder's CDL for one year upon conviction for a first offense DUI. These statutes do not carve out an exception from CDL disqualification when an offender receives a suspended imposition of sentence. To the contrary, the definition of a conviction for the purposes of CDL disqualification encompasses individuals who have received a suspended imposition of sentence following a guilty plea.[4]  *See* SDCL 32-12A-1(7). Further, SDCL 32-12A-64 prohibits a "CDL driver's conviction" from being "mask[ed]" to prevent it "from appearing on the driver's record." While these statutes may limit the effect of a suspended imposition of sentence for the purposes of an administrative CDL disqualification, they do not limit the authority and discretion of a court to impose a suspended imposition during criminal proceedings.

[¶15.]        We have long held that agency regulations and penalties concerning driver's licensing are separate and distinct from court-imposed criminal penalties and sanctions arising from criminal proceedings. In *Fischer*, the Court rejected a due process challenge to SDCL 32-12-52.1 and upheld the Department's authority to revoke a noncommercial driver's license for a longer period than ordered by the

---

4.    The Legislature has also limited the effect of a suspended imposition for other professional licenses and permitted licensing authorities to revoke or refuse licenses to persons who have received an order suspending imposition of sentencing for an offense. *See* SDCL 23A-27-14.1 (concerning "teacher, administrator, or other educational professional" licenses); SDCL 23A-27-14.2 (concerning gaming and racing licenses).

sentencing court. *Fischer* affirmed that "proceedings to determine or to review the propriety of the cancellation, suspension, or revocation of a driver's license [are] separate and distinct from the criminal trial for driving while intoxicated." 395 N.W.2d at 603.[5] In *Maas*, this Court relied on *Fischer* to hold "[t]he Department is authorized to commence a separate and distinct civil proceeding to revoke" driving privileges, even when "there has been judicial or prosecutorial 'leniency,' or 'oversight'" in the criminal case. 2003 S.D. 48, ¶ 14, 661 N.W.2d at 732.

[¶16.] The Department's authority to regulate CDLs and impose the penalties provided for in chapter 32-12A does not infringe on the judiciary's constitutional authority under article V, § 5 to exercise judicial leniency and suspend the imposition or execution of a sentence in criminal proceedings. Jans has failed to show that South Dakota's CDL disqualification statutes violate the separation of powers doctrine in article II of the State Constitution.

> **2. Whether the Department lacked statutory authority to disqualify Jans' CDL after his case had been discharged and dismissed under SDCL 23A-27-14 and sealed under SDCL 23A-27-17.**

[¶17.] Jans claims that SDCL 23A-27-14 and -17 prohibited disqualification of his CDL after his sentence was discharged and sealed more than three years after the offense. SDCL 23A-27-14 states that "[d]ischarge and dismissal under this

---

5. *Fischer* declined to review an appellant's argument that SDCL 32-12-52.1 violated "the separation of powers of the government of the State of South Dakota provided by South Dakota Constitution, Article II" for failure to cite supporting authority. 395 N.W.2d at 603–04. In rejecting the argument, the *Fischer* Court signaled its wariness toward the argument stating, "this is a makeweight argument at best" and "one who would undertake to show a statute [is] unconstitutional carries a heavy burden." *Id.*

-8-

section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." SDCL 23A-27-17 states that "[t]he effect of such [a discharge or dismissal under SDCL 23A-27-14] is to restore such person, in the contemplation of the law, to the status he occupied before his arrest or indictment or information." Jans argues that reading chapter 32-12A to authorize the Department to disqualify a CDL after a sentence is discharged and sealed conflicts with the Legislature's expressed prohibition against using a discharged sentence as "a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime."

[¶18.]    Generally, when multiple statutes may apply to the same subject matter, "a court should construe [the] statutes . . . in such a way as to give effect to all of the statutes if possible." *Abata v. Pennington Cnty. Bd. of Commissioners*, 2019 S.D. 39, ¶ 19, 931 N.W.2d 714, 721. However, "[s]tatutes of specific application take precedence over statutes of general application." *Id.* "When the question is which of two enactments the legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute." *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611. Moreover, "[w]ords and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and this Court's only function is to declare the meaning of the statute as clearly expressed." *Long v. State*, 2017 S.D. 78, ¶ 13, 904 N.W.2d 358, 364.

[¶19.]	The statutory framework established by the Legislature in chapter 32-12A is comprehensive and provides the Department with exclusive authority to regulate CDLs in South Dakota. SDCL 32-12A-32 requires the Department, without exception, to disqualify an offender's CDL upon conviction for specified offenses, including DUIs, unless the offense occurred more than four years before disqualification. The Legislature's definition of a conviction for the purposes of CDL disqualification unmistakably includes a suspended imposition of sentence. *See* SDCL 32-12A-1(7) (defining a conviction as "an unvacated adjudication of guilt, . . . a plea of guilty or nolo contendere accepted by the court, . . . regardless of whether or not the penalty is rebated, suspended, or probated . . ."). Further, SDCL 32-12A-64 prohibits the State from "mask[ing]" a conviction from appearing on a CDL holder's record.[6] As such, SDCL 32-12A-64 and SDCL 32-12A-1(7) created a specific exception to the general prohibition in SDCL 23A-27-14 that "[d]ischarge

---

6.	Chapter 32-12A was designed to keep the State compliant with the federal mandates involving interstate commerce and the licensing of commercial drivers. SDCL 32-12A-64 mirrors the language in federal statutes and regulations. 49 U.S.C. 31311 requires each state to maintain a record of motor vehicle violations for commercial drivers and prohibits "information regarding such violations to be withheld or masked in any way from the record of an individual possessing a commercial driver's license." The administrative regulations from the Department of Transportation further expound on this requirement, stating that a "[s]tate must not mask, defer imposition of judgment, or allow an individual to enter into a diversion program that would prevent a CLP or CDL holder's conviction for any violation . . . from appearing on the [] driver record, whether the driver was convicted for an offense committed in the State where the driver is licensed or another State." 49 C.F.R. § 384.226 (2021). Federal funding may be withheld from a state that fails to comply with these mandates. 49 C.F.R. § 384.401 (2021). Additionally, a state "found to be in substantial noncompliance" may be prohibited from maintaining a CDL licensing program. 49 C.F.R. § 384.405 (2021).

and dismissal under this section . . . shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." Any other interpretation would run counter to our well-established rule that "statutes of specific application take precedence over statutes of general application . . . ." *Citibank, N.A. v. S.D. Dep't of Revenue*, 2015 S.D. 67, ¶ 21, 868 N.W.2d 381, 391. Therefore, SDCL 23A-27-14 and -17 must be read in harmony with specific provisions in chapter 32-12A requiring the Department to disqualify the CDL of an offender who received a suspended imposition of sentence for a qualifying offense.

[¶20.]     Jans was arrested for DUI in April 2016. In August 2019, less than four years later, the Department notified Jans that his CDL would be disqualified. Therefore, the Department properly considered the 2016 DUI conviction for the purpose of CDL disqualification under SDCL 32-12A-32.

[¶21.]     We affirm.

[¶22.]     KERN, SALTER, DEVANEY, and MYREN, Justices, concur.